(13 App. Div. 1.)

KEATING v. FITTS.

(Supreme Court, Appellate Division, Third Department. January 12, 1897.)

MALICIOUS PROSECUTION—PROBABLE CAUSE—EVIDENCE.

Want of probable cause is not shown, in an action for malicious prosecution for larceny from defendant, where plaintiff does not testify that he was not guilty, but produces witnesses to prove an alibi, and it appears that, when the prosecution was commenced, defendant and several others who had seen the criminal confidently identified plaintiff as the man, though they afterwards changed their minds on seeing another prisoner.

Appeal from circuit court, Cortland county.

Action by William C. Keating against George Fitts to recover for false imprisonment and malicious prosecution. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

S. D. Halliday, for appellant.
John D. McMahon, for respondent.

LANDON, J. The action was, in form, both for false imprisonment and for malicious prosecution, but was tried and determined as an action for malicious prosecution. Two persons, strangers to the defendant, one of whom told the defendant that his name was Boardman, and that he was a nephew of the late Justice Boardman, of this court, by trick and device commonly called the "bunco game," stole $6,000 in money from the defendant on the 25th of September, 1891, on the highway near defendant's home, in Cortland county. Afterwards the defendant, upon statements made to him by a man calling himself Norris, claiming to be a detective, and that he knew that a man known as Red Austin, or Charles Davis, had robbed him, went with Norris to the district attorney of the county, and consulted

him, and then made information, giving full particulars, before a magistrate, charging the commission of the crime of larceny, and charging "Charles Davis, alias Red Austin, alias Boardman," as the person who committed it. Thereupon the magistrate issued his warrant for the arrest of "Charles Davis, alias Red Austin, alias Boardman," upon said charge of larceny. We cannot hold, upon the evidence, that this warrant was issued improperly. The crime had been committed as charged, and the evidence leaves little room for doubt that the person designated in the warrant, as section 152, Code Cr. Proc. permits, committed it. The practical difficulty in this case arises from the fact that the plaintiff was mistaken for the person named in the warrant, was arrested, committed to jail, indicted, and finally discharged, without trial, after $6\frac{1}{2}$ months' confinement in jail. The defendant and other witnesses, who at first were confident of the plaintiff's identity with the real criminal, finally, after seeing another person in the Goshen jail, called Red Austin, weakened in their confidence, and said that they were probably mistaken in their first opinions. There is no direct evidence that the plaintiff is not the person who stole the defendant's money. The plaintiff himself did not take the stand as a witness. He produced evidence by others of an alibi, and that the defendant had refused to press the criminal prosecution against him, thus inducing the inference that his arrest and prosecution were unjustifiable. We think, in view of the circumstances, and especially of the evidence touching the identification of the plaintiff with the man Boardman, that the plaintiff failed to show that the defendant did not have probable cause to believe that the plaintiff and the person accused by him in his information were identical, and thus that the charge of malicious prosecution was not made out. Whether the verdict in plaintiff's favor could be sustained upon the ground of mistaken identity, and thus of false imprisonment, we do not feel at liberty to inquire, since the jury, under the charge of the court, which followed the course of the trial and theory of the prosecution, did not render their verdict upon the charge of false imprisonment.

Judgment reversed. New trial granted. Costs to abide the event. All concur.