NASH REFRIGERATION COMPANY, INCORPORATED, PLAINTIFF-RESPONDENT, v. CONSOLIDATED APPLIANCE COMPANY ET AL., DEFENDANTS-APPELLANTS.

Argued May 2, 1934—Decided October 16, 1934.

Before Justices Lloyd, Case and Donges.

For the appellant, *Leonard J. Emmerglick*.

For the respondent, *Alexander Feller*.

Per Curiam.

Plaintiff had judgment against Consolidated Appliance Company and Enstice Brothers in the First District Court of Newark, in a suit on three notes made by Consolidated company to order of Enstice Brothers and endorsed by the latter to plaintiff. The notes were given for three refrigerators sold by plaintiff to appellant, the excess over $500 being waived. The state of case is very meagre, but, perhaps sufficient for a decision on the merits. Enstice Brothers appeal.

The trial judge said in the state of case settled for appeal: "The testimony as to the alleged sale on memorandum to the Consolidated Appliance Company, or that the plaintiff had any knowledge that Enstice Brothers were acting as distributors, was denied on behalf of the plaintiff, which claimed that the sale was a straight sale to Enstice Brothers and the Consolidated Appliance Company.

"It being my opinion that the testimony offered in behalf of the defendants was not sufficient to overcome the positive statements set forth in the documents in the case, * * * I found the fact to be that the notes were given as the purchase price of the three ice boxes in question * * *."

The two points argued are (1) that the evidence required a finding that the appellant's endorsement created no legal liability to the respondent, and (2) the amount of the judgment is excessive.

1. From the state of the case, it appears that the plaintiff's proof was that the notes were given in consideration of the sale by plaintiff to appellant of the three refrigerators. Appellant insisted it was distributor for plaintiff's refrigera-

tors and that it was not liable on the notes, inasmuch as it was acting for plaintiff in the transaction. The trial judge reached a contrary conclusion, and, on the state of the case, his conclusion was justified, in view of the denial by plaintiff's proofs of the testimony on behalf of appellant.

2. The state of the case discloses that "the amount proved to be due on the notes for principal and interest was $436.76, attorney's fees in accordance with the contract in the notes was $65.50, totaling $502.26. The excess beyond $500 was waived."

In the situation presented by the state of the case, we conclude that the judgment must be affirmed, with costs.