UNITED SECURITY LIFE INSURANCE AND TRUST COMPANY OF PENNSYLVANIA, appellant,

*v.*

ISAAC SMITH and ADELAIDE F. SMITH, respondents.

The allowance of costs and counsel fees in the court of chancery is in the discretion of the chancellor, to be exercised on equitable principles, which in their nature forbid an arbitrary rule by percentage. Hence, a stipulation in a mortgage, fixing in advance a gross allowance for the attorney's collection fees in the event of foreclosure, should not be enforced unless it agrees with the chancellor's discretion or the just and fair allowance in the case considered.

The proceeding below was by bill to foreclose a mortgage made by respondents to appellant to secure respondents' bond in

The court of chancery has never exercised the authority conferred by *Rev. tit.* "*Chancery*" §§ 115, 122 in making allowance of counsel fees, or recognized the act as binding in the form in which it was enacted. Reasonable counsel fees are made to counsel in certain cases, but not by way of a percentage. If allowances were made strictly according to the statute, the discretion of the chancellor, which the act itself recognizes, would, in a sense, be restricted. Counsel fees are given upon the principle that the same are to be accepted in lieu of any statutory claim, and therefore, strictly, there can be no appeal from such an allowance of counsel fees, the same being allowed, practically, by consent. The policy of the law of this state is to leave the allowance of counsel fees to the discretion of the chancellor, to be exercised in each particular case in accordance with equitable principles, which in their nature forbid an arbitrary rule by percentage.—REP.

$30,000, conditioned for the payment of certain sums, the production of tax receipts and the keeping of the buildings on the mortgaged premises insured, and containing, among other provisions, one that, in case the conditions be broken, a *fieri facias* might issue on judgment on bond, or a *scire facias* upon the mortgage or proceedings to foreclose the mortgage might be instituted, and that in either event "an attorney's commission for collection," viz., two per cent., should be payable and should be recovered in addition to all moneys then due, besides costs of suit. The mortgage recited the bond and its conditions and provisions, and had, following the proviso of redemption, a further provision that in case of default—

"the said obligee, its successors or assigns, may sue out forthwith a writ or writs of *scire facias* upon this indenture of mortgage, or institute proceedings for the foreclosure of this mortgage, and proceed thereon to judgment and execution for the recovery of the amount due, according to the computed surrender value tables mentioned in the said agreement, *together with an attorney's commission for collection, viz., two per cent., besides costs of suit,* without further stay, any law, usage or custom to the contrary notwithstanding."

Default was made in the condition of the bond; proceedings were commenced in the court of chancery of New Jersey for the foreclosure of the mortgage. The bill alleged that complainant had paid its solicitor, under the covenant contained in the bond and mortgage, an attorney's fee of $300 in cash. A decree *pro confesso* was taken, cause referred to a master, who reported that complainant had paid the $300 and was entitled to have said sum of $300 included in the decree. Exceptions were filed to this part of the report, which were sustained, and a decree made allowing complainant a counsel fee of $25, to be included in the costs.

The appeal raises the question as to whether, under the provisions of the mortgage foreclosed and the bond secured by that mortgage, the complainant was entitled to recover $300 as an attorney's commission.

*Mr. Lewis Starr*, for the appellant.

*Mr. Thomas E. French*, for the respondent.

Per Curiam.

Decree affirmed.

*For affirmance* — The Chief-Justice, Depue, Dixon, Magie, Reed, Van Syckel, Bogert, Brown, Clement, Krueger, Smith—11.

*For reversal*—Garrison—1.