41 N.J. Super. 246 (1956)
124 A.2d 605
BANK OF COMMERCE, A BANKING INSTITUTION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
SANTOS MARKAKOS, LOUIS CHUMSKY, ET AL., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued July 23, 1956.
Decided August 6, 1956.
*247 Before Judges FREUND, COOLAHAN and WEINTRAUB.
Mr. Felix Rospond argued the cause for plaintiff-appellant (Messrs. Rospond & Rospond, attorneys).
No appearance for defendant-respondent.
The opinion of the court was delivered by COOLAHAN, J.S.C. (temporarily assigned).
The plaintiff appeals from a denial by the Chancery Division of its application for a counsel fee, in a mortgage foreclosure action in excess of the rate provided by R.R. 4:55-7(c). It bases its claim for an exception to the rule upon a provision or covenant in the bond secured by securing the mortgage which provides as follows:
"In the event the mortgage accompanying this bond is referred to an attorney for foreclosure or for recovery of possession of the mortgaged property, the Obligor will pay in addition to the said Principal sum actual incidental disbursements and an attorney's fee amounting to three per cent (3%) of said Principal sum but in no event less than Seventy-five Dollars ($75.00)."
*248 The plaintiff argues it is entitled to the fee stipulated in the bond as a matter of contract regardless of R.R. 4:55-7(c) and that the rule does not supersede or invalidate the covenant between mortgagor and mortgagee.
We have searched the simple wording of the aforestated rule in vain to find implicit therein a ground for the exception urged by the plaintiff. R.R. 4:55-7 provides as follows:

"Counsel Fees
No fee for legal services shall be allowed in the taxed costs or otherwise, except:

* * * * * * * *
(c) In an action for the foreclosure of a mortgage. The allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff in such an action, amounting to $5,000 or less, at the rate of 2%; upon the excess over $5,000 and up to $10,000 at the rate of 1%; and upon the excess over $10,000 at the rate of one-half of 1%."
The rule admits of no exception based upon a contractural agreement. By its terms it controls allowances in all foreclosures, and this we understand, has been the settled application of the rule in actual practice.
The power of the Court of Chancery by rule to regulate counsel fees in foreclosure proceedings has been recognized and exercised for more than half a century. See Shreve v. Harvey, 74 N.J. Eq. 336 (1908). Even prior to that time, in 1893, the Court of Errors and Appeals in the case of United Security Life Ins. Co. v. Smith, 51 N.J. Eq. 635 (1893), held that a provision specifying counsel fee to be paid by the mortgagor may be superseded in the discretion of the Chancellor in fixing the fee to be allowed in an action for the foreclosure of a mortgage. In John S. Westervelt's Sons v. Regency, Inc., 3 N.J. 472 (1950), it was held that the Chancellor's discretion was removed by Rule 3:54-7, which preceded R.R. 4:55-7. It also held that the rule limiting the allowance of fees for legal services, even though superseding pre-existing statutes, did not violate the rulemaking authority granted by Art. VI, Sec. II, par. 3 of the Constitution of 1947.
*249 Plaintiff contends that if the rule precludes enforcement of the contractural provision, the rule is beyond the constitutional power of the Supreme Court. It is apparent from the foregoing that the Supreme Court deems the matter of allowances to fall within practice and procedure and to be within its constitutional power. These determinations are binding upon us.
Judgment affirmed.