MARIE G. KUERZI

*v.*

HENRIETTA SCOTT et al.

[Decided February 11th, 1908.]

A stipulation in a bond and mortgage to secure the payment of money borrowed as to the date when the interest on the money should begin to run was controlling, though the money was not paid over to the borrower until a much later date, where the agreement for the loan was made at the time stipulated, and the whole of the money was then held ready for the use and control of the borrower.

Heard on bill, answer, replication and proofs in open court.

*Mr. William H. Osborne,* for the complainant.

*Messrs. Traphagen & Beekman,* for the defendants.

GARRISON, V. C.

This is a suit to foreclose a mortgage given by Henrietta Scott and her husband to Marie G. Kuerzi. The bond and mortgage are dated March 20th, 1906, and call for interest at six per cent. from the 15th day of March, 1906.

The only question that I find necessary to advert to in the decision relates to the matter of interest. It is the contention of the defendants, the mortgagors, that interest should not be calculated from the 15th day of March, 1906, the date which, in the bond and mortgage, is fixed as the time from which the interest is to be calculated.

They base this contention upon the fact that the money, or the bulk of it, at least, was not actually paid over to them until a much later date, and this is true.

Sufficient appears to show that the defendant Mrs. Scott was purchasing a property from a third party, and desired to ob-

tain from Mrs. Kuerzi $7,000 to pay on account of the purchase-money.   She made an agreement with Mrs. Scott to obtain this money some time in February or March, and the uncontradicted testimony is that from that time, which is fixed by the witness as March 15th, 1906, the whole of the $7,000, at the request of the mortgagors, was held ready for their use subject to their call. Under these circumstances, I find that the stipulation in the bond and mortgage as to the date of interest controls, and there is no reason in equity why the mortgagors should not be called upon to pay interest from the stipulated date.

An authority in point in the State of New York will be found in *Bevier* v. *Covell, 87 N. Y. 52.*

I will advise a decree accordingly.