DAVID FEINBERG, RESPONDENT, v. BUILDING CONSTRUCTION COMPANY, A CORPORATION OF NEW JERSEY, ET AL., DEFENDANTS; IDA PECKER, APPELLANT.

Argued October 24, 1930—Decided May 18, 1931.

For the respondent, *Fred & Max Feinberg* (*Fred Feinberg,* of counsel).

For the appellant, *Seclow & Nessanbaum* (*Alexander Seclow,* of counsel).

The opinion of the court was delivered by

DALY, J. Suit was brought by plaintiff to recover against the owner, generally, the sum of $500 for labor performed and materials supplied in the erection and construction of a new two-family house known as No. 12 Wilkinson avenue, in Jersey City, New Jersey, and also to effect a judgment of lien under the Mechanics' Lien law specially against the premises for the same amount. The case was tried by the judge, without a jury, and he ordered that final judgment be entered in favor of plaintiff against the defendant-owner for $500, and also "ordered that claim and judgment of claimant-plaintiff David Feinberg is prior and paramount to mortgage of the defendant Ida Pecker, to the amount of $260," besides costs and interest. The judgment was affirmed by the Supreme Court, and appeal therefrom is now before us.

Ida Pecker, the defendant-appellant, held a mortgage against the premises, which was recorded on April 17th, 1929. The actual excavation for the new house was commenced April 20th, 1929. Feinberg had also contracted to do some repair work on the adjoining property of the owner, 14 Wilkinson avenue, and there was some dispute as to just when the work was commenced on the new building, 12 Wilkinson avenue—whether it was two or three days before Mrs. Pecker recorded her mortgage or two or three days after she recorded the mortgage. While the evidence strongly indicated that this mortgage could be regarded as an "advance-money mortgage," under section 14 of the Mechanics' Lien act (*Comp. Stat., p.* 3302), yet the trial judge considered it as a "con-

struction money mortgage," under section 15 of the Mechanics' Lien act. *Comp. Stat., p.* 3303.

The trial court found as a fact that the total amount of the mortgage, $7,500, was "used and applied toward the payment of the labor performed and the materials furnished in this building, with the exception of the $260 which the court referred to." The $260 referred to was the amount of money that had been applied in payment of legal services and insurance that did not actually go into the building itself.

This being the court's finding of fact, and it being admitted that the mortgage was recorded before the lien claim of Feinberg's was filed, then under section 15 of the Mechanics' Lien act (*Comp. Stat., p.* 3303) the mortgagee, Mrs. Pecker, had priority over the claim of Feinberg to the extent of the money actually advanced and paid by her and applied to the erection of the new building. Therefore, Mrs. Pecker's lien as mortgagee was prior to Feinberg's claim to the extent of $7,240. It is true that the claim for the $260 of the mortgagee money used for legal services and insurance was subordinate to the claim of Feinberg, but it was error of the trial judge to hold that Feinberg had a lien to the extent of this amount prior to Mrs. Pecker's $7,240. *Franklin Society for Home Building and Savings* v. *Bens,* 107 *N. J. Eq.* 326; *Riverside Apartment Corp.* v. *Capitol Coast Co., Ibid.* 405.

The judgment below should be reversed, with costs.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, BODINE, DALY, DONGES, VAN BUKSIRK, KAYS, HETFIELD, DEAR, WELLS, JJ. 12.