55 N.J. Super. 571 (1959)
151 A.2d 390
E. LESTER CONGDON, T/A E.L. CONGDON LUMBER CO., PLAINTIFF-APPELLANT,
v.
JERSEY CONSTRUCTION CO., INC., ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 23, 1959.
Decided May 18, 1959.
*574 Before Judges PRICE, CONFORD and GAULKIN.
Mr. Harry Dvorken argued the cause for plaintiff-appellant.
Mr. Charles Blume argued the cause for defendants-respondents Betty Maurer and Benjamin Yanowsky (Mr. Benjamin Yanowsky, pro se, attorney).
The opinion of the court was delivered by CONFORD, J.A.D.
We have here for review partial summary judgments entered by the Law Division disposing of part of the complex subject matter involved in a complaint, counterclaim and cross-claim. We do not have the benefit of an opinion by the trial court.
Plaintiff is a lumber dealer who sold building materials to the defendant Frank R. McCauley or his corporate affiliates, Jersey Construction Co., Inc. and Jersey Developers, *575 Inc., allegedly used by them in constructing three houses at White Meadow Lake and two at Denville. The defendant Yanowsky, a lawyer, operating in the name of a law associate, the defendant Boris Seeber, advanced mortgage money for these construction enterprises. After commencement of this action Seeber assigned his interest in the mortgages to the defendant Betty Maurer, an employee of Yanowsky, who thus appears to be trustee for the latter. She was substituted for Seeber as a party defendant.
The complaint is in ten counts. By the first three plaintiff seeks general judgments against the McCauley interests for the price of building materials sold them and used in the White Meadows Lake properties, and an adjudication of a mechanic's lien as to such claims superior to the lien of the Maurer mortgages. By the fourth and fifth counts plaintiff seeks to foreclose mortgages totalling $4,100 on the Denville properties and to have the liens adjudicated to be prior to the Maurer mortgages on these properties. Counts six to nine do not concern us here. In the tenth count plaintiff seeks an accounting of certain alleged obligations owing to the McCauley interests by Yanowsky for the purpose of applying such credits toward the alleged indebtednesses of McCauley and his corporations to the plaintiff.
The defendant Maurer by her answer denies plaintiff's claimed lien rights and disputes their priority as against her mortgages, claiming, inter alia, postponement of plaintiff's liens to her mortgages. She counterclaims and cross-claims for the foreclosure of six mortgages, three on separate lots at White Meadow Lake in the face amount of $13,500 each, and three on two lots at Denville, one lot being encumbered by two mortgages in the respective face amounts of $10,500 and $5,000, and the other by a mortgage for $11,500.
The following summary judgments were entered by the trial court:
(a) in favor of Maurer on the counterclaim and cross-claim (hereinafter referred to as the Maurer judgment) *576 adjudicating the amounts and absolute priority of mortgage liens on the several properties, inclusive of principal, interest, other charges, "attorney's fees" and "counsel fees," aggregating $13,786.67, $7,350.26, $6,710.63, $12,105.51, $4,196.70 and $6,379.28, respectively.
(b) dismissing the tenth count of the complaint wherein plaintiff sought an accounting against Yanowsky (hereinafter referred to as the Yanowsky judgment).
Plaintiff's appeals challenge the propriety of the entry of summary judgment in either of the respects noted. We consider them seriatim.

I. AS TO THE MAURER JUDGMENTS.
Before embarking on the question as to whether the general nature of the factual issues raised and the character of the controversy made it appropriate to enter summary judgment here at all we first indicate our agreement with the plaintiff's position that the amounts fixed as due on the mortgages were at least erroneous to the extent that they included interest accrued from the dates of execution of the mortgages and so-called "attorney's fees."
With respect to interest, it appears that this was allowed on the full face amount of each mortgage from the respective dates of execution notwithstanding that the mortgage moneys were advanced at various dates, some substantially subsequent to the dates of execution of the instruments. The mortgagee defends this mode of computation of interest on the ground that the mortgages recite that "the mortgagor is indebted to the mortgagee in the sum of $ ____ Dollars with interest at the rate of six per cent per annum from the date hereof." No authority is cited in support of the contention that the recital is conclusive as to the date as of which interest is payable. The settled rule is that except where the mortgagee holds money for disbursement to the mortgagor at the latter's call at an earlier date, pursuant to agreement, interest is not payable *577 until the mortgage moneys are actually advanced. Homestead Bldg. Co. v. Waverly Building & Loan Ass'n, 99 N.J.L. 276 (E. & A. 1923); and see Kuerzi v. Scott, 74 N.J. Eq. 218 (Ch. 1908).
In the present case the proofs do not indicate whether Yanowsky, whose affidavit indicated that it was he who advanced the mortgage moneys, had been holding the funds available on call for the borrowers at all times on and after the dates of execution of the mortgages. This fact will have to be established at the trial on the remand before interest may be allowed for the entirety of the periods here disputed.
We turn to the matter of "attorney's fees" allowed in the judgment. These aggregated $2,600, being for $500 each as to four of the mortgages, and $400 and $200, respectively, as to the two others. These amounts are exclusive of allowances for "counsel fees" apparently computed on the basis of the scale specified by R.R. 4:55-7(c). We find no authority for allowance of the "attorney's fees." The mortgages themselves are devoid of any provision stipulating for the allowance of an attorney's fee as part of the debt upon default. If there were such a contractual provision its enforcement would be met by the apparent bar of the decision in Bank of Commerce v. Markakos, 22 N.J. 428 (1956). But see Maryland Credit Finance Corporation v. Reeves, 45 N.J. Super. 205, 208 (App. Div. 1957), sustaining the enforceability of a provision in a conditional sales contract for the allowance upon default of a "reasonable attorney's fee," and holding the Markakos case limited to mortgage foreclosure matters, as covered by express rule of the Supreme Court.
The mortgagee seeks sanction for the contested allowance in N.J.S. 2A:44-89, which, in defining the scope of the priority accorded by the Mechanic's Lien Act to mortgagees in certain circumstances as against the claims of materialmen and laborers (N.J.S. 2A:44-87, 88), maintains the mortgage priority, among other situations, "when *578 the mortgage secures or the funds secured thereby have been applied * * * d. to the payment of any premium, counsel fee or other financing charges and costs, the total of which shall not be in excess of 5 per cent of the principal of the mortgage securing the loan upon which they are based * * *." We do not read this statute, as does the defendant counterclaimant, to authorize ipso facto a general overriding addition to the amounts advanced to the mortgagor or otherwise due under the terms of the mortgage of a charge for inclusion in the foreclosure judgment under the guise of an attorney's fee, and this independently of any stipulation between the parties as to any such obligation. Insofar as an allowance for compensation for the attorney of the mortgagee in conducting the foreclosure proceedings is concerned the judgment may not allow more than is fixed by the rules of court. Bank of Commerce v. Markakos, supra. In this regard it is of no consequence that the mortgage under foreclosure is a construction mortgage or any other particular kind of mortgage. N.J.S. 2A:44-89(d) means no more, in this regard, than that the priority of a mortgage lien over liens or claims of materialmen or laborers (given the other statutory conditions for such priority) extends, inter alia, to such mortgage funds or mortgage debt as have been disbursed or incurred, as the case may be, for counsel fees in connection with the transaction of placing the mortgages (e.g., title examination fees and the like), or to secure an obligation owing for such fees. Prior to the adoption of L. 1930, c. 212, when paragraph (d) of N.J.S. 2A:44-89 was written into the law, the priority of the construction mortgage did not extend to so much of the funds advanced as were used to pay for legal services in connection with the placement of the mortgage. Feinberg v. Building Construction Co., 107 N.J.L. 495 (E. & A. 1931).
The statutory mortgage priority also extends to "premiums" and "other financing charges and costs," but we are presently concerned only with the "attorney's fees" included under the purported authority of the statute in the *579 instant judgment. There is no indication in the proofs before us that the amounts so included in the amount of the judgment represented any moneys advanced in payment of counsel fees in connection with the handling of the mortgage transactions or any negotiated or agreed-upon security for any specific obligation for such fees. Indeed, the implications of the Yanowsky affidavit would seem to sustain the contrary hypothesis; and this is also the purport of an affidavit filed by the defendant McCauley. In any case, the allowances were improper under the record as it stands. The determination of this question will likewise be subject to such factual showing as may be made upon the remand.
We proceed to a consideration of whether, apart from the subjects just discussed, an appropriate case was presented for entry of summary judgment adjudicating both the amounts due on the Maurer mortgages and their priority over the liens, if any, of the plaintiff. Upon review of the proof before the trial court there appear to us to have been several colorable factual issues requiring resolution by trial rather than on motion.
The main factual bulwark of Maurer's case is an affidavit by Yanowsky in which he asserts that McCauley applied to him for construction mortgages and that it was agreed: that he would make the loans in certain principal amounts; he would have the "sole say" as to the times and amounts of each payment of mortgage money and as to the particular property upon which the payment would be applied. To the affidavit are appended seven schedules purporting to show the date, check number, payee and amount of each mortgage disbursement check by the mortgagee, as well as the property or properties (in some cases a single check covered advances on more than one mortgage) to which the advance was applicable.
Plaintiff's proofs show that some of the mortgage checks were immediately indorsed back to Yanowsky. These were in amounts of $3,000, $2,750 and $1,768.18, explained by Yanowsky in a subsequent affidavit as having been in *580 repayment of advances by him in connection with other transactions with McCauley. Nevertheless, in the moving affidavit on which the present motion for judgment in favor of Maurer was based, claim was made for inclusion of these amounts in the mortgage judgment which would enjoy priority over plaintiff's lien, an obvious impropriety as to the repayments since they do not represent any priority item under N.J.S. 2A:44-89, insofar as is revealed by this record. Although these items were deducted by the trial court in fixing the amount of the summary judgment (apparently without objection by Maurer), the incident nevertheless illustrates the value and cogency of the rule that where one side to a litigated controversy is practically entirely dependent upon the production by its adversary of evidence and factual data, an application for summary judgment by the adversary upon the basis of such evidence should be handled with the greatest caution, the availability to the opposing party of cross-examination and scrutiny of the proofs at a regular trial having considerable illuminative value both as to substance and credibility. 6 Moore's Federal Practice (2d ed. 1953), par. 56.15 (5), pp. 2152-53; Bozant v. Bank of New York, 156 F.2d 787, 790 (2 Cir. 1946); Arnstein v. Porter, 154 F.2d 464, 471 (2 Cir. 1946); Cochran v. U.S., 123 F. Supp. 362, 364 (D.C.D. Conn. 1954); Hummel v. Riordon, 56 F. Supp. 983, 987 (D.C.N.D.E.D. Ill. 1944); Healy v. Metropolitan Utilities District, 158 Neb. 151, 62 N.W.2d 543 (Sup. Ct. 1954); cf. Mayflower Industries v. Thor Corporation, 15 N.J. Super. 139, 156 (Ch. Div. 1951), affirmed o.b. 9 N.J. 605 (1952); Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67 (1954); Bouley v. Borough of Bradley Beach, 42 N.J. Super. 159 (App. Div. 1956).
It is clear from the record that Yanowsky has financed the McCauley interests in a considerable number of transactions other than those encompassed by the mortgages here in question. An affidavit by a certified public accountant submitted on behalf of plaintiff raises some doubts concerning *581 the sufficiency of Yanowsky's records to support the allocation of the payments here relied upon by him to the liens of the Maurer mortgages. Yanowsky may well be able at a trial to prove the amount and priority of the mortgage obligations in the amount claimed, but the bare conclusions of his affidavits, in the light of what we have said above, ought not to be taken as sufficient to preclude the searching processes of a trial.
Plaintiff asserts that part, at least, of the Maurer mortgage debts are junior to his mechanic's lien claims. The legal aspects of this subject are insufficiently developed in the briefs of both parties, and we imply no opinion on the matter. Yanowsky argues that this contention by plaintiff is precluded by postponements of lien executed by plaintiff in favor of the Maurer mortgages. Plaintiff counters that he delivered the postponements on the understanding that he was to receive certain specified payments by Yanowsky on account of his claims. This is denied by Yanowsky. A factual issue appears to be presented.
Yanowsky challenges the bona fides of certain of the most recent alleged deliveries of material by plaintiff to the construction jobs, claiming a design to evade the statutory requirement for filing a mechanic's lien claim and instituting action thereon within four months after the date of the last labor performed or materials furnished. N.J.S. 2A:44-91, 98. On the record, this is an open factual issue. The extent of the argument submitted to us on the point does not warrant any present determination by us as to whether that issue is a material one.
There are a number of other respects, which we shall not presently detail, in which it appears to us that the record poses, or may, upon trial, present factual issues concerning the priority of the Maurer claims, or part of them, as against the plaintiff's claims. These can be expected to be threshed out in the course of a trial.
The Maurer judgment will be reversed and the matter remanded for trial, costs to abide the event.

*582 II. THE YANOWSKY JUDGMENT.
The trial court, as indicated above, entered judgment dismissing plaintiff's claim for an accounting by Yanowsky of obligations which plaintiff asserted in the complaint were due from the former to McCauley and his corporations. Plaintiff's legal theory in substantiation of the proceeding is that, as creditor of the McCauley interests, he is entitled to exercise any remedy available to them to enforce their supposed claim against Yanowsky, including that of an action to compel an account. See Hopper v. Morgan, N.J. Ch., 42 A. 171, 172 (Ch. 1898) (not officially reported). Assuming for the sake of the discussion that a legal foundation for the asserted remedy exists, there appears to be utterly no factual basis for it. Yanowsky has by his answer denied that he or his nominee, Seeber, owes any money to McCauley or his corporations. This is repeated in Yanowsky's affidavit filed in support of his motion for judgment. While the record as a whole shows a clouded picture as to just how much the McCauley interests owe Yanowsky, especially as to the amounts secured by the Maurer mortgages, there is no basis at all to sustain any suspicion that Yanowsky owes anything to McCauley or his corporations. No proof whatsoever was submitted by plaintiff in opposition to the proofs on the motion for this judgment. There is in our judgment no issue of fact requiring resolution by trial on this phase of the case.
Plaintiff has issued execution on its judgments against McCauley, Jersey Construction Co. Inc. and Jersey Developers, Inc. He is free by supplementary proceedings under R.R. 4:74-4 to examine Yanowsky or any one else in pursuit of any obligations owing by the latter to plaintiff's judgment debtors. If such proceedings develop any basis for a plenary accounting action against Yanowsky, a prospect which seems remote on what is presented on this appeal, the present affirmance of the judgment under appeal will stand without prejudice to such a step. But on what was *583 before the trial court we think its action in the respect here complained of was soundly taken. The Yanowsky judgment is affirmed, with costs.
Remanded to be proceeded with conformably to this opinion.