ROTHMAN v. KOSOWER.

(Supreme Court, Appellate Term.    November 29, 1907.)

LANDLORD AND TENANT—LEASES—LIABILITY OF LESSOR FOR BREACH OF CONTRACT.

In an action to recover for the failure of a lessor to put a lessee in possession of certain premises, expert evidence as to the market rental value of the premises for the purpose for which they were to be used by plaintiff, in the absence of a showing that defendant leased the premises to plaintiff for such purpose, or that the value thereof for such purpose was contemplated by the parties was inadmissible, since plaintiff was entitled only to the difference between the actual rental value and the rent reserved.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Tenant, § 453.]

Appeal from City Court of New York, Trial Term.

Action by Jacob Rothman against Abraham Kosower. From a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. See 96 N. Y. Supp. 268.

Argued before GILDERSLEEVE, P. J., and LEVENTRITT and ERLANGER, JJ.

Feltenstein & Rosenstein (Moses Feltenstein, of counsel), for appellant.

Benjamin ·F. Spellman, for respondent.

LEVENTRITT, J.   In an action brought to recover damages for the failure of the defendant (lessor) to put the plaintiff (lessee) in possession of certain premises, the latter testified that he was in the pickle business and that he had intended to use the demised premises for that business. In order to prove rental value, the plaintiff introduced the testimony of an expert, upon whose evidence the court based its finding that the plaintiff was entitled to recover $1,180 as the difference between the rent agreed upon and the actual rental value. Upon his direct examination this witness was asked: "What is the rental value in the open market of these premises in suit for the purposes for which they were to be used, the pickle business, for three years, commencing May 1, 1905?" This question was objected to as incompetent, immaterial, irrelevant, speculative, and hypothetical. The objection was overruled, and the witness answered: "$70 per month; about $840 per year."

We think the exception to the court's ruling commands the reversal of the judgment. The plaintiff was entitled to the difference between the actual rental value and the rent reserved; but he could not recover on the basis of the speculative value of the premises to him for his particular business. It was not shown that the premises were leased to the plaintiff for a special purpose known to the lessor, nor is there any evidence which would justify the conclusion that the value thereof to the plaintiff for his individual business entered into the contemplation of the parties.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.