BERTI S. KOLLER AND CARILINA D. KOLLER, PLAINTIFFS-RESPONDENTS, v. SABO & RHODES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued November 14, 1960—Decided December 5, 1960.

Before Judges Conford, Freund and Kilkenny.

*Mr. Jay M. Hollander* argued the cause for appellant (*Mr. Eugene Schreiner,* attorney; *Mr. David I. Stepacoff,* of counsel).

*Mr. Paul C. Kemeny* argued the cause for respondent.

The opinion of the court was delivered by

KILKENNY, J. A. D. Defendant appeals from a Middlesex County District Court judgment for $575 in plaintiffs' favor. The action was for breach of contract of escrow, resulting in damage in the amount stated. This sum had been paid by plaintiffs to their attorney for his legal fee and expense in their separate Superior Court suit against the sellers of realty, Robert and Grace Yuille, to recover plaintiffs' contract deposit of $1,575. Plaintiffs, as purchasers, had delivered this deposit in escrow to defendant, the real estate brokerage firm which had negotiated the written contract, whereby plaintiffs agreed to buy the Yuille home for $15,750. By the terms of this contract of purchase and the escrow provision therein, consummation of the sale was expressly contingent upon plaintiffs' success with the aid and cooperation of defendant in arranging a specified mortgage loan by a designated date.

On our view of this case, it is unnecessary to decide whether defendant escrowee acted in good faith or was legally justified in its failure to comply with plaintiffs' demand for return of their deposit, when notified that plaintiffs were unable to obtain the required mortgage. Nor need we resolve whether defendant's asserted defense, that the sellers also made adverse claim to the deposit based on their contention that the mortgage loan was available, excused its non-compliance with plaintiffs' demand.

Defendant either was or was not liable to return the deposit to plaintiffs. If it was liable, plaintiffs could have and should have sued defendant directly for the deposit. If there was any uncertainty as to whether the action should have been against the sellers or the escrowee, plaintiffs could

have and should have sued both of them jointly or in the alternative, in the one direct action. If plaintiffs had sued defendant for the deposit, either alone or as a co-defendant with the sellers, and had prevailed, plaintiffs would not have been entitled to an award of counsel fees, or recovery of the fee paid or payable to their attorney, as part of that judgment. The award of counsel fees is now sanctioned by our rules of practice only in a limited number of specified cases, and such an action as this would not be in one of those categories. *R. R.* 4:55–7. On the other hand, if defendant was not liable to return the deposit to plaintiffs, it follows, *a fortiori,* that plaintiffs' counsel fee or legal expenses would not be recoverable against defendant.

The policy precluding the award of counsel fees in a direct action requires the disallowance of such fees through the indirect method of suing the sellers alone and then proceeding against the broker on the theory of damage resulting from defendant's wrongful refusal to return the deposit. The authorities cited by plaintiffs are not here apposite.

Accordingly, the district court judgment in this matter is reversed.