30 N.J. Super. 349 (1954)
104 A.2d 729
GRAMATAN NATIONAL BANK AND TRUST COMPANY OF BRONXVILLE, PLAINTIFF-APPELLANT,
v.
ALICE L. BACKMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 26, 1954.
Decided April 27, 1954.
*350 Before Judges EASTWOOD, JAYNE and SMALLEY.
Mr. Nathan C. Staller argued the cause for appellant (Mr. William Greenberg, on the brief).
No appearance for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
The facts established by the uncontroverted evidence at the trial of this action can be concisely stated. On February 18, 1952 the defendant executed and delivered a promissory note to the order of All State Construction Company in the sum of $708.12, payable in 36 equal and consecutive monthly installments of $19.67, the first of which was made due on April 1, 1952. The note provided that in the event any installment was not paid when due, the entire unpaid balance should thereupon, at the option of the holder, become immediately due and payable together with a sum equivalent to 18% of the unpaid balance for the expense of collection and attorney's fees. The plaintiff became a bona fide holder of the note before maturity, for value and in due course.
The defendant having defaulted in making the payments which became due for the months of November and December 1952 and January 1953, the holder of the note elected to declare the entire unpaid balance to be due and payable and *351 instituted the present action in the Cape May County District Court to recover from the defendant the unpaid balance, costs, and the specified attorney's fee.
The judgment which comes to us for review is somewhat odd. It harmonizes with the conclusions expressed by the trial judge, from which we quote:
"I am persuaded to the conclusion that the alleged default was occasioned by the defendant's inexperience and misunderstanding of the transaction, and that she made a sincere effort to become current, which was rejected.
If the defendant, within one week from the date hereof, becomes current in the total sum of her monthly payments up to and including June 1, 1953, by remitting the same to the attorney of the plaintiff, a judgment of no cause of action will be entered. Upon her failure so to do, there will be entered a judgment in favor of the plaintiff in the sum of $570.43, together with attorney's fees of 5%, and interest from December 1, 1952, on the aforesaid sum of $570.43."
Our inspection of the exhibits weaves some doubt in our minds that the defendant's delinquencies were solely attributable to her inexperience and misunderstanding when we observe her written replies to the plaintiff's premonitory communications in which she expostulated: "Go sit on a tack. If that Gramatan Bank doesn't stop with the monkey business, they will never get one cent." "My contract calls for $680, not for $708.12. Furthermore, if you send any more threatening letters, I will not even pay the $680. If the contractor sold the note to some one else that is not my concern. My cousin is a lawyer so you can save your stationery," and, "I will pay the rest the first of December, provided you don't make me any angrier."
However, it is not our appellate custom lightly to disturb the factual impressions of the trial judge.
We scrutinize more acutely the elements of the judgment. In its essential aspects the judgment has the profile of an arbitrament. It subjugates the terms of the note and mediates a proposed reconciliation between the parties.
The defendant readily availed herself of the afforded means of escape, tendered the arrearages to the plaintiff, which the *352 latter declined to accept, and strangely it is to be noticed that the judgment is one of "no cause of action."
Counsel for the plaintiff protests that however gracious and benevolent may have been the purpose of the trial judge, the lawful rights of an acknowledged bona fide holder of a valid negotiable instrument were prejudicially offended.
We have no doubt about it. The adult defendant's business inexperience and, in the absence of fraud, her mere misunderstanding of the obligatory terms of a promissory note, are not meritorious defenses. Ignorantia legis neminem excusat. The judgment must be reversed. Incidentally it may be remarked that a reversal of the judgment is not resisted on behalf of the respondent. But, see, Peschek v. Teissere, 30 N.J. Super. 248 (App. Div. 1954).
The action is remanded to the Cape May County District Court with directions to enter final judgment in favor of the plaintiff and against the defendant for the balance of the unpaid principal of the note and the attorney's fee therein specified, together with interest and costs. Relative to the inclusion of the attorney's fee, see Nash Refrigeration Co., Inc., v. Consolidated Appliance Co., 12 N.J. Misc. 795 (Sup. Ct. approving 15% in 1934); 7 Am. Jur. 869, § 142; 17 A.L.R.2d 298 et seq.; Citizens National Bank v. Waugh, 4 Cir., 78 F.2d 325, 100 A.L.R. 939, 947, footnotes.
Reversed.