BANK OF COMMERCE, A BANKING INSTITUTION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. SANTOS MARKAKOS, LOUIS CHUMSKY, *ET ALS.*, DEFENDANTS-RESPONDENTS.

Argued October 22, 1956—Decided November 5, 1956.

Mr. *Felix Rospond* argued the cause for the appellant (*Messrs. Rospond & Rospond,* attorneys).

No one argued the cause for the respondents.

The opinion of the court was delivered by

VANDERBILT, C. J.   The plaintiff bank instituted an action to foreclose a mortgage held by it.   Default was entered against all of the defendants except junior mortgagees who filed answers that did not dispute the priority of the subsequent encumbrances stated in the complaint, and apparently they have no substantial interest in the question before us.

The bank moved for the entry of a final judgment to which it was entitled, but difficulty arose over its demand that the judgment entered include an award of counsel fees calculated pursuant to a provision of the bond accompanying the mortgage, which incorporated by reference a provision that:

"In the event the mortgage accompanying this bond is referred to an attorney for foreclosure or for recovery of possession of the mortgaged property, the Obligor will pay in addition to the said Principal sum actual incidental disbursements and an attorney's fee amounting to three per cent (3%) of said Principal sum but in no event less than Seventy-five Dollars ($75.00)."

*R. R.* 4:55–7, on the other hand, provides as follows:

"No fee for legal services shall be allowed in the taxed costs or otherwise, except:   *   *   *

(c) In an action for the foreclosure of a mortgage. The allowance shall be calculated as follows: on all sums adjudged to be paid the plaintiff in such an action, amounting to $5,000 or less, at the rate of 2%; upon the excess over $5,000 and up to $10,000 at the rate of 1%; and upon the excess over $10,000 at the rate of one-half of 1%."

The Chancery Division declined to enforce the provision as to counsel fees in the bond and followed the rule above quoted. On appeal the Appellate Division affirmed.

The appeal here purports to be taken as of right under *Article* VI, *Section* V, *paragraph* 1(a) of the *Constitution of* 1947, and *R. R.* 1:2–1(a).

The plaintiff's position is that our present rule does not supersede or invalidate the covenants between the mortgagor and the mortgagee for the payment of a fee in excess of that limited by rule; that the omission by the Legislature in the revision of *Title* 2 to enact a substitute for former *R. S.* 2:65–31, which established a 5% ceiling on counsel fees in uncontested foreclosure cases, implies a "legislative capitulation to the doctrine of judicial supremacy and abdication of the legislature's former prerogative of policy-making on the subject of attorney's fees in foreclosure." It seeks a determination as to "whether a substantive right of the mortgagee to indemnification and a corresponding substantive duty of the mortgagor to indemnify resulted from a contract" and therefore not a matter of practice or procedure, or "whether the covenant was but an attempt to alter the rule on costs and counsel fees, thus falling within the category of practice and procedure." It maintains that this covenant is a matter of substantive right between the mortgagor and the mortgagee and not controllable under rules relating to practice and procedure, but only by the Legislature through appropriate statutory provision. This is a specious attempt by the plaintiff to take advantage of the repeal of a statute as if it were an isolated enactment designed to "restore" the mortgagee's right to impose counsel fees on mortgagors in the event of foreclosure.

The plaintiff's contention, however, is untenable for two obvious reasons.

The first is that the repealer may not be read by itself. Everyone at all familiar with the course of the legislation in this State whereby *Title* 2 was revised knows that the repeal of *R. S.* 2:65–31 was as part of the repeal of the entire original *Title* 2 upon the adoption of the revised *Title* 2A, which was designed to strip the statute book of all procedural enactments inconsistent with the rules of procedure theretofore promulgated by the Supreme Court pursuant to the rule-making power vested in it by *Article* VI, *Section* II, *paragraph* 3 of the *Constitution of* 1947, and acquiesced in by the Legislature; see foreword by Senator, now Judge, Clapp to *Title* 2A, *N. J. S. A.* ix., especially at xvi; *L.* 1951, *1st Sp. Sess., cc.* 344, 345, 346.

The second point is that the repealer did not restore any pre-existing right of mortgagors and mortgagees to enter into contracts with respect to counsel fees chargeable against mortgagors in the event of foreclosure, for the very simple reason that there never was any such pre-existing right. The Court of Chancery, like all other courts, has always had the inherent power to control the allowance of counsel fees, and no court has been more vigorous in asserting such power than the Court of Chancery. Thus, in the report of *United Security Life Ins. & Trust Co. v. Smith,* 51 *N. J. Eq.* 635 (*E. & A.* 1893), involving the very act repealed, the distinguished Reporter in Chancery, S. Meredith Dickinson, took the unusual course, doubtless at the suggestion of the court, of appending to the report this interesting note:

"The Court of Chancery has never exercised the authority conferred by Rev. tit. 'Chancery' §§ 115, 122 in making allowance of counsel fees, or recognized the act as binding in the form in which it was enacted. Reasonable counsel fees are made to counsel in certain cases, but not by way of a percentage. If allowances were made strictly according to the statute, the discretion of the chancellor, which the act itself recognizes, would, in a sense, be restricted. Counsel fees are given upon the principle that the same are to be accepted in lieu of any statutory claim, and therefore, strictly, there can be no appeal from such an allowance of counsel fees, the

same being allowed, practically, by consent. The policy of the law of this state is to leave the allowance of counsel fees to the discretion of the chancellor, to be exercised in each particular case in accordance with equitable principles, which in their nature forbid an arbitrary rule by percentage."

In short, the purported right to contract as to counsel fees never existed in this State; any such attempt by private parties would have been struck down as against public policy quite as much as it would if the Legislature had attempted to do so.

More recently, in *John S. Westervelt's Sons v. Regency, Inc.,* 3 *N. J.* 472 (1950), we held that *Rule* 3:54–7, the predecessor of our present *R. R.* 4:55–7, promulgated by the Supreme Court under its new constitutional authority, superseded the former "chancellor's discretion." There, Mr. Justice Heher, speaking for a unanimous court said, 3 *N. J.,* at *page* 478:

"The rule as thus read is not violative of the rule-making authority granted by the provision of the Constitution cited *supra.* By the rationale of this provision, the rules promulgated September 15, 1948 in the exercise of the power superseded the preexisting law, statutory or otherwise. This intent is rendered certain by *Article* XI, *Section* IV, *paragraph* 10 of the *Constitution* providing that the functions, powers and duties of the judges under the old judicial system, not inconsistent with the new Constitution, shall be exercised by the judges of the Superior Court 'until otherwise provided by law or rules of the new Supreme Court.' "

The appeal manifestly presents no substantial constitutional issue and it is, therefore, dismissed.

*For dismissal*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING and JACOBS—5.

*Opposed*—None.