45 N.J. Super. 205 (1957)
132 A.2d 36
MARYLAND CREDIT FINANCE CORPORATION, A CORPORATION, PLAINTIFF,
v.
ROSE REEVES, ROBERT REEVES AND CALVIN PETERSON, INDIVIDUALLY, JOINTLY AND IN THE ALTERNATIVE, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 6, 1957.
Decided May 23, 1957.
*206 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Burton Peskin argued the cause for plaintiff-respondent (Messrs. Fishberg & Peskin, attorneys).
Mr. Franklin W. Kielb argued the cause for defendants-appellants.
The opinion of the court was delivered by FRANCIS, J.A.D.
The three defendants sought the reopening of a default judgment against them. This appeal is from the refusal of the trial court to grant the application.
Rose and Robert Reeves purchased a new 1954 Chevrolet on October 7, 1954 under a conditional sales agreement which provided for monthly installment payments. Calvin Peterson signed the contract on a line immediately below the signatures of the Reeves, the two lines being bracketed and designated "Signature of Purchaser." It seems apparent that the purpose of his joinder was to act as guarantor. Some suggestion was made on the motion to reopen the judgment that his execution was procured by the fraud of the seller's agent. The trial court found the claim to be an unworthy basis for granting a plenary trial and the record discloses no justification for interfering with the exercise of his discretion in that regard.
The car was repossessed about March 20, 1956 for default in payments and was advertised and sold for $650 at public sale April 24, 1956. On August 8, 1956 this suit was started against all three defendants to recover an alleged deficiency of $716.27.
On August 24, following service of process upon them, the defendants called at the office of the attorney for the plaintiff to discuss the matter. According to the affidavits of Peterson and Robert Reeves, Peterson said that if the intention was to collect from him, he would "get a lawyer." In any event, Reeves made an agreement that he would *207 pay $10 a week on the plaintiff's claim. While payments were being made and not in arrears (according to Reeves), default judgment was entered against all three defendants.
Defendants were without counsel at the conference in plaintiff's attorneys' office and until execution was issued on the judgment. On obtaining an attorney, the reopening application was made under R.R. 4:62-2(a) and (c). The affidavits set out a number of matters designed to appeal to the discretion of the trial judge. However, only one of them seems to call for the intervention of this Division in the form of a modification of his order. Both Reeves and Peterson alleged that the repossessed car was worth $1,500 at the time of the sale.
In the oral opinion denying the application, the court referred only to Reeves' affidavit which says that he had been "in the business of repairing damaged cars for about 20 years and [was] familiar with the value of automobiles. At the time [the] car was repossessed, it had a fair market value of about $1,500." The statement was rejected as any proof of market value because it was said to indicate that all Reeves did was repair automobiles but did not engage in the sale of them. However, we note that the affidavit of Peterson recites that he has been in the business of repairing damaged cars; he often buys damaged cars and resells them, and he knows the value of automobiles. This is followed by the assertion that Reeves' car was worth $1,500 when repossessed. While the language employed is not as specific as it might have been, in our judgment it does present some evidence of market value. And if the figure were to be accepted, it would mean that plaintiff's sale for $650 was $850 under market value.
The applicable statute, N.J.S.A. 46:32-28, provides:
"If the proceeds of a resale are not sufficient to defray the expenses thereof, and also the expenses of retaking, keeping and storing the goods and chattels, and the balance due upon the purchase price, the seller may recover by an action at law the deficiency from the buyer; provided, however, in any suit for such deficiency the vendee shall be entitled to a credit upon any sum so found due in an amount *208 equal at least to the fair market value of the goods and chattels so sold at the time of the sale thereof; and the amount received at any sale authorized under the provisions of this chapter shall be evidential of such fair market value, but shall not be conclusive proof thereof." (Emphasis added.)
Plaintiff offered no proof in affidavit form of the market value of defendants' car. Apparently it was content to rely upon the probative force accorded the resale price by virtue of the statute. But we think that under the special circumstances of this case the disparity between the two figures is such that in fairness and justice defendants should be permitted to litigate the issue. Accordingly, the lien of the judgment may stand but a reopening may be had for that limited purpose.
A further novel question is presented for consideration. The conditional sales compact stipulates that upon a default and resale the seller in computing a deficiency may deduct from the proceeds of the resale "all expenses for retaking * * * including a reasonable attorney's fee." Pursuant thereto the default judgment includes an attorney's fee representing 15% of the deficiency. Defendants contend that the fee clause is invalid under the recent Supreme Court ruling in Bank of Commerce v. Markakos, 22 N.J. 428 (1956). Plaintiff relies upon N.J.S.A. 17:16B-6 which sanctions a counsel fee not exceeding 15% in retail installment contracts. In the case cited, the counsel fee stipulation was contained in a mortgage. It undertook to fix an allowance in the event of foreclosure greatly in excess of and in violation of R.R. 4:55-7(c), the specific rule of the Supreme Court on the subject. A different situation is presented here and we do not believe the ruling should be extended by this Division beyond the boundaries of that case. Cf. Gramatan National Bank & Trust Co. of Bronxville v. Backman, 30 N.J. Super. 349, 352 (App. Div. 1954); Annotation 17 A.L.R.2d 288 (1951); A.L.R.2d Supplement Service (1948-1957) 1057; and see State v. Otis Elevator Co., 12 N.J. 1 (1953); Editorial, 80 N.J.L.J. 52 (1957).
As modified, the judgment is affirmed.