**Matter of PACK-IT, Inc., a corporation of the State of New Jersey, Bankrupt.**

**No. 350-57.**

United States District Court
D. New Jersey.

Jan. 20, 1958.

Jerome, Alper & Alper, Newark, N. J., Allan L. Tumarkin, Newark, N. J., of counsel, for Passaic-Clifton Nat. Bank & Trust Co.

Seymour J. Solomon, Newark, N. J., for trustee.

HARTSHORNE, District Judge.

The Passaic-Clifton National Bank & Trust Company has filed its petition to review the determination of the Referee in Bankruptcy in the above cause. The Referee denied to the bank the payment of attorney's fees, out of the proceeds of the sale of certain automobiles, on which it held conditional bills of sale, and to which it was held to be entitled on its petition for reclamation. This Court adopts the findings of fact of the Referee in the above regard.

These findings show that in both the conditional bills of sale and the notes covering the balance due thereunder, in addition to other charges, "the buyer agrees to pay an attorney's fee of 15% of the amount due and payable under this contract when same is referred to an attorney, not a salaried employee of the holder, for collection, plus the court costs." The parties agreed to the sale of the automobiles by bankruptcy, the rights of the parties to attach to the proceeds. At the sale sufficient was realized to cover the bank's undisputed charges amounting to $5,907.59, as well as the disputed attorney's fee of $826.53, plus a balance, the latter undisputedly going to the bankrupt's estate. But the Referee refused to permit the bank to collect the amount of the above attorney's fees at all, on the ground that "it does not seem fair to the general creditors of Pack-It, Inc. that the Passaic-Clifton National Bank & Trust Company should be permitted to enhance the amount payable to it by a contractual percentage for collection and other charges, in this instance where its claim is not contested by the Trustee in Bankruptcy." The bank thereupon filed this petition for review, claiming that it is entitled to recover these attorney's fees under Maryland Credit Finance Corp. v. Reeves, N.J.App.Div.1957, 45 N.J.Super. 205, 132 A.2d 36, which purports to limit Bank of Commerce v. Markakos, 1956, 22 N.J. 428, 126 A.2d 346.

Both sides agree that "the construction of the contract for attorney's fees presents, likewise, a question of local law." Security Mortgage Company v. Powers, 1928, 278 U S. 149, 154, 49 S.Ct. 84, 85, 73 L.Ed. 236. It should be noted

that that case thereupon holds that "Whether the liability is, under the circumstances, enforceable against the proceeds of the sale raises federal questions peculiar to the law of bankruptcy * * * ". Thus, while New Jersey law would here control the construction of the attorney's fee contract, the applicability of that contract, as so construed, to the proceeds of sale here, would be a matter of Federal law. Accordingly, we turn first to the construction of the contract herein as to attorney fees, under the law of the State of New Jersey.

The last word in that regard as to the situation at bar, is the decision in *Reeves,* supra [45 N.J.Super. 205, 132 A.2d 38]. Here the New Jersey court dealt with a conditional bill of sale covering automobiles which provided that upon a default and resale, which occurred, the seller could deduct from the proceeds of the resale all "expenses for retaking * * * including a reasonable attorney's fee". After alluding to the New Jersey statute "which sanctions a counsel fee", N.J.S.A. 17:16B–6, *Reeves,* with a modification, here immaterial, affirmed a judgment which included "an attorney's fee representing 15% of the deficiency" at the resale. In short, the New Jersey Appellate Division upheld the right of the court to fix the reasonableness of an attorney's fee, and in that regard it took into account the amount realized at a public, but not judicial, sale. In *Markakos* [22 N.J. 428, 126 A.2d 348], after holding the claim for attorney's fees invalid, the New Jersey Supreme Court said:

"In short, the purported right to contract as to counsel fees never existed in this state; any such attempt by private parties would have been struck down as against public policy quite as much as it would if the Legislature had attempted to do so."

If such is the law of New Jersey, then, of course, the attorney's fee clause in the conditional sale contract here is ineffective and so equally must be the attorney's fee clause in the above New Jersey statute, provided that statute in substance is a matter of court "practice and procedure." Winberry v. Salisbury, 1950, 5 N.J. 240, 74 A.2d 406, 410; N.J. Const. Art. VI, Sec. II, par. 3.

In *Reeves,* the court then called attention to the fact that *Markakos* was concerned with the foreclosure of a mortgage, not a conditional sale, and added:

"A different situation is presented here and we do not believe the ruling [*in Markakos*] should be extended by this Division beyond the boundaries of that case." (Citing cases.) (Brackets supplied.)

██ This Court is now faced with the interesting, but hazardous, duty of determining the viewpoint of the New Jersey state courts, and in a situation where a lower appellate court, in a case practically on all fours with the case at bar, has said that the words of the New Jersey Supreme Court, while applicable to the case at bar in general terms, are nevertheless to be considered to be inapplicable, because "a different situation is presented here." The interest of this situation is enhanced by the fact that the author of the opinion in the lower appellate court, is now a member of the Supreme Court of New Jersey, and that both courts doubtless had in mind the effect of the much discussed case of *Winberry v. Salisbury,* supra. In the absence of contrariety, a decision by a lower appellate court in a state will be taken as stating the law of that state. Fidelity Union Trust Co. v. Field, 1940, 311 U.S. 169, 61 S.Ct. 176, 85 L.Ed. 109; West v. American Telephone & Telegraph Co., 1940, 311 U.S. 223, 61 S.Ct. 179, 85 L.Ed. 139; Blackmon v. Govern, D.C.N.J.1956, 138 F.Supp. 184, 17 A.L.R.2d 502. Since the only contrariety here is created by an earlier dictum, which the later decision expressly finds inapplicable, and since the facts here involved are substantially those involved in the later decision, not those involved in the earlier decision, this Court must consider that the New Jersey law applicable to the construction of the attorney's fee clause in the case at bar is governed by *Reeves.*

Furthermore, in doing so it is not at all necessary to question the rationale of *Winberry*, and this despite the continued discussion in that regard. For *Winberry* simply holds that under the 1947 Constitution of the State of New Jersey the courts, not the Legislature, control court "practice and procedure", N.J.Const. Art. VI, Sec. II, par. 3. Here the New Jersey statute, alluded to in *Reeves*, is seen from its legislative history [1] to be one enacted to "give protection to the purchasing public." Its title is: "An Act to define and regulate retail installment sales * * *." Its allusion to attorney's fees is but a small part of its coverage; and it covers attorney's fees due on extrajudicial, as well as judicial, sales. Thus it is an exercise of the State's general police power to protect the health, welfare and safety of the inhabitants, not one merely to regulate "practice and procedure" in the courts. Such being the case, this statute is one to which *Winberry* does not apply at all.

Again, the statute does not finally fix the amount of attorney's fees payable under retail installment contracts. It simply fixes the maximum which may not be exceeded—"The retail installment contract may provide for the payment of attorneys' fees not exceeding fifteen per centum (15%) of the amount due and payable under such contract * * *." N.J.S.A. 17:16B–6(a) (4). Thus, in *Reeves*, it was the trial court which fixed the specific attorney's fee under the above statute, and this judgment was affirmed by the appellate court. The *situation* was similar in the New Jersey cases cited by *Reeves*, and in many of the cases outside New Jersey to which it referred. Specifically, in Gramatan National Bank and Trust Company of Bronxville v. Backman, App.Div.1954, 30 N.J.Super. 349, 352, 104 A.2d 729, and in Nash Refrigeration Company v. Consolidated Appliance Company, Sup.Ct.1934, 12 N.J.Misc. 795, 174 A. 892, we find that the New Jersey courts, not only after the enactment of the above statute but before it was enacted, themselves fixed the attorney's fees. And in *Gramatan* the New Jersey court specifically relied on Citizens National Bank of Orange, Va. v. Waugh, 4 Cir., 1935, 78 F.2d 325, 331, 100 A.L.R. 939, where the court lays down the following general principle as to the criterion to be used by the court in such cases where the contract between the parties fixes the attorney's fees to be paid by the one in default:

> "In the light of these decisions and the overwhelming weight of authority in the state courts, we hold the rule to be (1) that a provision in a promissory note for the payment of attorneys' fees for services actually rendered in collection is not to be condemned as contrary to public policy, if reasonable in amount and not used as a cloak for usury or other forbidden transaction; (2) that such a provision is enforced as a contract of indemnity and the amount stipulated therein is not absolutely binding on the parties or on the court, but will be enforced to the extent that it provides for a reasonable attorneys' fee for services actually rendered in accordance with its terms; and (3) that, where services have been rendered and the amount stipulated is not obviously excessive, the stipulation as to the amount should govern."

*Gramatan*, in addition, relies upon 7 Am. Jur. 869, § 142, which is to the effect that "a stipulation that a certain amount shall be collectible as attorney's fees controls the recovery *if the amount stipulated is reasonable*". (Emphasis added.)

The above is on the well-established theory that an attorney is an officer of the court, subject to the control of the court in his action as such, and that the court will therefore see that its officer does not commit an injustice, rather than carry out his duty to effectuate justice.

---

[1] See Public Hearing on Committee Substitute for Senate No. 198 before the New Jersey Legislature; Senate Committee on Banking and Insurance, June 23, 1948.

Of course, practically speaking, if the parties have agreed on definite counsel fees, and nothing is called to the attention of the ·court to raise a question as to the fairness of such agreement, the court will naturally uphold the agreement—but *vice versa*.

The argument is further advanced that the above New Jersey statute is entirely inapplicable since the total cash price of the cars, as originally fixed, before they were sold on conditional sale, exceeded $3,000 each, and that the statute only applies to retail sales for $3,000 or less. But assuming this to be the case, the result is the same. For, as noted, the above cases apply this same rule as to the court passing on the reasonableness of the amount of the attorney's fee when question is raised in that regard, both before and after the enactment of the statute in question.

■ Thus, whether or not the above statute applies, the law of New Jersey would appear to be that it is the court which will finally pass upon the propriety of the attorney's fees, even when the parties have entered into an agreement in that regard. Thus the sole question that here remains is as to what criterion should be used by the court in fixing such fees. Of course, if the court which is to fix the fees is the state court, then such court will apply its own criterion, whether in the form of applicable state court rules, as in *Markakos*, or otherwise, as in *Reeves*.

■ However, if the court which is to fix the fees is a Federal court, as here, then the local law will have been effectuated by the construction of the attorney's fee clause in the light of the above New Jersey statute and of the New Jersey principle, that it is the court which has the last word as to the reasonableness of the fees. Thus the further question of whether the liability for the attorney's fees is "enforceable against the proceeds of the sale," and to what extent it is so enforceable, is "a Federal question," as our highest court has stated in *Security*, supra [278 U.S. 149, 49 S.Ct. 86].

■ Counsel have cited certain Federal cases claiming that they established the rule that the Federal courts will enforce attorney's fee clauses in contracts. to the letter, and refer specifically in that. regard to Manufacturers' Finance Co. v. McKey, 1934, 294 U.S. 442, 55 S.Ct. 444,. 79 L.Ed. 982. But, as the court there says, the contract there in question was. "valid and unassailable under controlling state law." 294 U.S. at page 448, 55 S.. Ct. at page 447, i. e., the Illinois law. However, as noted, under New Jersey law, while the court recognizes the contract as to attorney's fees to be valid, the. court retains the right to pass upon the. reasonable amount of such fees. Furthermore, in *McKey*, in alluding to the: attorney's fees clause as distinguished from the remainder of the contract, our highest court concludes (294 U.S. at page 453, 55 S.Ct. at page 449) that as to the allowance of attorney's fees "the amount, if any, remains to be fixed by the District Court upon consideration of all pertinent. facts relating to services rendered by the: attorneys after the date of the receivership, and with due relation to its ultimate determination upon the merits." In. short, the state law determines the validity and construction of the terms of the attorney's fees contract. In New Jersey such a contract is *prima facie* valid,. but the court retains the right, if it is. attacked, to pass upon its reasonableness.. This principle is therefore an implied term of the attorney's fees contract. Thus when the Federal court is asked to apply it in a Federal case, it must give. due regard to this implied term of the contract, and thereupon, as a matter of Federal law, determine how this contract is to be effectuated as against the proceeds of a bankruptcy sale and "upon consideration of all pertinent facts relating to services rendered by the attorneys. after the date of the receivership, and with due relation to its ultimate determination upon the merits."

The bank here instituted reclamation proceedings. Under local Bankruptcy Rule 10 this would appear mandatory. Thus the bank's action in having its at-

torney institute these reclamation proceedings was necessary, regardless of whether or not these proceedings were contested. Hence the only remaining question is as to the value of the services of the attorneys in such proceedings. As to this the Bankruptcy Court, not this Court, is in possession of the full facts and can alone appropriately decide this, the sole remaining issue.

The cause will therefore be remanded to the Bankruptcy Court for further proceedings, in conformity with the foregoing opinion. Counsel will submit form of order accordingly.

See also 19 F.R.D. 532; 158 F.Supp. 160.