79 N.J. Super. 65 (1963)
190 A.2d 400
THE FIRST SAVINGS AND LOAN ASSOCIATION OF JERSEY CITY, N.J., PLAINTIFF,
v.
WILLIAM HELDMAN AND MARGARET A. HELDMAN, HIS WIFE, DEFENDANTS.
Superior Court of New Jersey, Bergen County Court, Law Division.
Decided April 19, 1963.
Mr. Edward J. Bogart for the plaintiff (Mr. Emil W.A. Schumann, attorney).
No appearance by or for defendants.
G.H. BROWN, J.C.C.
The plaintiff has brought this attachment suit to collect the balance owing on an installment promissory note. The instrument provides for "reasonable *66 attorney's fees if collected by law or through an attorney at law." Because the defendants have not appeared in the action, an application for entry of a default judgment is before the court. The question is whether an attorney's fee should be allowed therein.
The instrument is labelled "Property Improvement Note," but the format and provisions are in customary form for ordinary commercial paper.
A judgment which included an attorney's fee was affirmed per curiam in Nash, etc., Inc. v. Consolidated Appliance Co., 12 N.J. Misc. 795, 174 A. 892 (Sup. Ct. 1934). The result simply rested on the fact that allowance of the fee was "in accordance with the contract in the notes."
With equal aplomb the court in Gramatan Nat. Bank, etc., of Bronxville v. Backman, 30 N.J. Super. 349 (App. Div. 1954), implemented the consensual provision for an attorney's fee contained in the routine instrument.
However, strong language by the Supreme Court in Bank of Commerce v. Markakos, 22 N.J. 428 (1956), has jarred confidence in the precedents cited. The law has been unsettled, in particular by the sweep of the Markakos observation that
"In short, the purported right to contract as to counsel fees never existed in this state; any such attempt by private parties would have been struck down as against public policy quite as much as it would if the Legislature had attempted to do so." (22 N.J., at p. 432)
Subsequent decisions of the Appellate Division have pointed up the fault in the Markakos situation  the parties there provided in a mortgage bond for a counsel fee upon foreclosure in excess of the fee scheduled in R.R. 4:55-7(c). Thus in Maryland Credit Finance Corp. v. Reeves, 45 N.J. Super. 205 (App. Div. 1957), the court, after adverting to the conflict with a judicial rule in Markakos, said:
"A different situation is presented here and we do not believe the [Markakos] ruling should be extended by this Division beyond the boundaries of that case." (45 N.J. Super., at p. 208)
*67 And in Bancredit, Inc. v. Bethea, 65 N.J. Super. 538 (App. Div. 1961), there was a similar reference to the vice of the Markakos covenant as constituting
"* * * an attempt to contradict contractually a rule of court specifically restricting counsel fees in foreclosures to the schedule set forth." (65 N.J. Super., at p. 553)
If the fact situations in the Reeves and Bethea cases involved ordinary commercial paper, the Appellate Division treatment of the Markakos holding would clear the way for a decision in the case sub judice. But Reeves and Bethea both dealt with notes integrated with a "retail installment contract." And, in each case, a counsel fee was expressly sanctioned by the applicable statute. N.J.S.A. 17:16B-6(a) (4), now replaced by N.J.S.A. 17:16C-42(b).
There is, then, no New Jersey judicial authority since the Markakos case for orientation where, as here, the contract of the parties does not violate a rule of court but nevertheless is not authorized by statute. It is noted that the Uniform Commercial Code leaves local law unchanged. N.J.S. 12A:3-106(2).
It would seem that the practice antedating Bank of Commerce v. Markakos should prevail. The court will rely specifically upon Gramatan Nat. Bank, etc., of Bronxville v. Backman, supra, as the precedent controlling.
An attorney's fee of 15%, inclusive of disbursements, will be allowed.