44 N.J. 442 (1965)
210 A.2d 68
ALCOA EDGEWATER NO. 1 FEDERAL CREDIT UNION, A UNITED STATES CORPORATION, PLAINTIFF-APPELLANT,
v.
JOSEPH M. CARROLL, DEFENDANT-RESPONDENT.
The Supreme Court of New Jersey.
Argued March 16, 1965.
Decided May 17, 1965.
*443 Mr. Saul Bosek argued the cause for appellant (Messrs. Epstein, Epstein, Brown & Bosek, attorneys).
Mr. Roger Breslin, Jr. argued the cause for respondent (Messrs. Breslin & Breslin, attorneys; Mr. Michael J. Breslin, Jr., of counsel).
The opinion of the court was delivered by JACOBS, J.
The Bergen County District Court held that the provision for the payment of an attorney's fee in the promissory note executed by the defendant was unenforceable. The plaintiff appealed to the Appellate Division and we certified before argument there.
The plaintiff, a credit union, is a United States corporation chartered under 12 U.S.C.A. § 1751 et seq. All of its members are employees of the Aluminum Company of America or members of the households of such employees. On July 3, 1963 the defendant, a member of the plaintiff, borrowed $600 and signed a promissory note agreeing to repay the borrowed sum in monthly installments. The note provided that in the event of any default the balance would become immediately payable, and that if payment was not made at maturity the borrower would pay the costs of collection, and an attorney's fee "in an amount equal to twenty per cent (20%) of the principal and interest" due on the note, but in no event less than ten dollars.
The defendant failed to make any payment on the note and the plaintiff filed a complaint in two counts claiming payment of the principal sum of $600, interest in the sum of $30, and an attorney's fee in the sum of $126. The defendant filed an answer in which he admitted borrowing the sum of $600 as alleged in the first count, but denied any obligation *444 for an attorney's fee. With respect to the second count the defendant neither admitted nor denied the execution of the promissory note, leaving the plaintiff to its proof. The plaintiff served a demand for admissions and then a motion to strike the answer as sham. Argument on the motion was heard on May 1, 1964; prior thereto the parties had stipulated that there was no issue as to the borrowing of the $600, the delivery of the note, or the interest due, thus leaving as the only issue to be determined by the court, the validity of the provision for a 20% attorney's fee. The trial court found this provision to be invalid under Bank of Commerce v. Markakos, 22 N.J. 428 (1956), where this Court held that, in view of the terms of R.R. 4:55-7(c), a judgment of foreclosure could not properly include any provision for legal fees beyond those explicitly set forth in the cited rule.
Most of the courts throughout the country have taken the position that provisions in promissory notes for the payment of attorneys' fees for services actually rendered in collection are not against public policy so long as the amounts are reasonable. See Citizens Nat. Bank of Orange, Va. v. Waugh, 78 F.2d 325 (4 Cir. 1935); Manchester Gardens v. Great West. Life Assur. Co., 92 U.S. App. D.C. 320, 205 F.2d 872, 876 (D.C. Cir. 1953); Leventhal v. Krinsky, 325 Mass. 336, 90 N.E.2d 545 (1950); Foulke v. Hatfield Fair Grounds Bazaar, Inc., 196 Pa. Super. 155, 173 A.2d 703 (1961); 5 Williston, Contracts § 786 (3d ed. 1961); 17 Am. Jur.2d, Contracts § 164 (1964); Annot., 17 A.L.R.2d 288 (1951). See also Cohen v. Fair Lawn Dairies, Inc., 86 N.J. Super. 206, 213-224 (App. Div.), aff'd, 44 N.J. 450 (1965). The contention that the provisions will improperly encourage litigation has been generally rejected and countered by the suggestion that they may well spur the debtors to make their payments before any litigation. See Commercial Investment Trust v. Eskew, 126 Misc. 114, 212 N.Y.S. 718, 721 (1925). And the contention that they may serve as a cloak for usurious transactions has generally been rejected in opinions which point out that they come into play only on *445 default and provide only reimbursement not profit, and that enforcement may be readily denied in any special instance where oppression or circumvention of the usury statute appears. See Community Credit Union v. Connors, 141 Conn. 301, 105 A.2d 772 (1954); Owens v. Conelly, 77 Ariz. 349, 272 P.2d 345 (1954).
In our own State the validity of such provisions in promissory notes was unquestioned, at least prior to the adoption of our court rules in 1948. Thus in Textileather Corp. v. American, &c., Ins. Co., 110 N.J.L. 483, 488 (E. & A. 1933), the Court of Errors and Appeals noted that in actions at law the successful party could not visit the expense of the litigation upon the defeated party "except as the defeated party is bound by his contract"; and in Nash Refrigeration Co., Inc. v. Consolidated Appliance Co., 12 N.J. Misc. 795, 174 A. 892 (Sup. Ct. 1934), the former Supreme Court, without discussion, upheld a judgment for principal and interest, plus a 15% attorney's fee as provided in the promissory note executed by the defendant. In R.S. 7:2-2, which was part of the Uniform Negotiable Instruments Act, our Legislature provided that a promissory note containing a provision for an attorney's fee shall be deemed to contain a promise "for payment of a sum certain" for purposes of negotiability. This may perhaps be taken as implied legislative recognition of the validity of such provision. See Leventhal v. Krinsky, supra, 90 N.E.2d, at p. 547; Florence Oil & Refining Co. v. Hiawatha Oil, Gas & R. Co., 55 Colo. 378, 135 P. 454, 456 (1913); N.J.S. 12A:3-106(1) (e). See also Mackintosh v. Gibbs, 81 N.J.L. 577, 581 (E. & A. 1911).
The upholding of these contractual provisions for attorney's fees apparently had not led to abuses and when our new judicial structure was created in 1947 and implemented by our court rules in 1948, the subject received no independent consideration. What did receive independent consideration was the equity counsel fee practice which had been accompanied by abuses and had produced calls for its abolition. See State v. Otis Elevator Co., 12 N.J. 1, 26-27 (1953) (dissenting *446 opinion); Veto Messages of Hon. Alfred E. Driscoll, Governor of New Jersey (1950), p. 76; cf. John Westervelt's Sons v. Regency, Inc., 3 N.J. 472, 477 (1950). The Court of Chancery had discretionary power to allow counsel fees in such amounts as appeared to it to be reasonable. See United Security Life Ins. Co. v. Smith, 51 N.J. Eq. 635 (E. & A. 1893); McMullin v. Doughty, 68 N.J. Eq. 776 (E. & A. 1905); R.S. 2:29-131; R.S. 2:29-132. Except in foreclosure proceedings, maximums had not been prescribed (Kocher's, Chancery Practice 73-74 (1913)), there had been occasions where excessive allowances had been made to favored members of the bar, and occasions where prospective litigants with presumably just causes had been discouraged from instituting actions in equity because of the threat of such allowances. With this history specially in mind, Rule 3:54-7  now R.R. 4:55-7  was adopted to prohibit "the judicial allowance of counsel fees except in a few specially designated situations." State v. Otis Elevator Co., supra, 12 N.J., at p. 27. These situations were (1) matrimonial actions, (2) funds in court, (3) mortgage foreclosure actions, (4) actions for the probate of wills, and (5) actions to foreclose tax certificates. It seems clear that while the rule made general reference to judicial allowances for legal services it was not addressed to contractual provisions in promissory notes and similar instruments for the payment of reasonable legal fees actually incurred in the course of collection. See Cohen v. Fair Lawn Dairies, Inc., supra, 86 N.J. Super., at pp. 214-215; cf. Sarner v. Sarner, 38 N.J. 463, 467 (1962); Government Security Co. v. Nasso, 73 N.J. Super. 8, 11 (App. Div.), certif. denied 37 N.J. 223 (1962).
In Gramatan Nat. Bank, etc., of Bronxville v. Backman, 30 N.J. Super. 349 (App. Div. 1954), the court sustained a judgment on a promissory note including an attorney's fee as therein provided; no reference was made to R.R. 4:55-7 which was evidently considered inapplicable. 30 N.J. Super., at p. 352. In Bank of Commerce v. Markakos, supra, 22 N.J. 428, the plaintiff instituted an action to foreclose a mortgage *447 and sought to include in its judgment a 3% attorney's fee in accordance with a term in the accompanying bond. The Court held that the only amount for legal services which could be included in the judgment was that specifically set forth in R.R. 4:55-7 with respect to foreclosure proceedings. Although the opinion contained broader language, the actual holding may readily be supported in the light of the history and terms of the rule. Foreclosure proceedings had long been dealt with separately and the rule prescribed the exact percentages to be allowed for legal services in foreclosures. It may be fairly inferred that in adopting the specific rule with respect to foreclosures, and in amending it from time to time, the court did not contemplate that the parties could nullify it by providing for a much higher attorney's fee to be included in the very foreclosure judgment. See Cohen v. Fair Lawn Dairies, Inc., supra, 86 N.J. Super., at p. 211.
In a series of cases in our lower courts Markakos has been confined to its actual holding. Thus in Maryland Credit Finance Corp. v. Reeves, 45 N.J. Super. 205 (App. Div. 1957), and Bancredit, Inc. v. Bethea, 65 N.J. Super. 538 (App. Div. 1961), attorney fee provisions in a conditional sales contract and in a promissory note were upheld. In Reeves, the conditional sales contract contained a provision, expressly sanctioned by N.J.S.A. 17:16B-6 (see now N.J.S.A. 17:16C-42), for expenses incurred in the retaking "including a reasonable attorney's fee." In sustaining this provision the court distinguished Markakos, pointing out that there the parties had undertaken to fix a fee in the event of foreclosure "greatly in excess of and in violation of R.R. 4:55-7(c), the specific rule of the Supreme Court on the subject." 45 N.J. Super., at p. 208. In Bethea, the promissory note contained a provision for a 15% attorney's fee. In upholding the provision the court again differentiated Markakos, pointing out that it dealt "with an attempt to contradict contractually a rule of court specifically restricting counsel fees in foreclosures to the schedule set forth." 65 N.J. Super., at p. 553.
*448 In First Savings & Loan Assn. of Jersey City v. Heldman, 79 N.J. Super. 65 (Bergen Cty. Ct. 1963), the plaintiff sued on a promissory note which provided for "reasonable attorney's fees if collected by law or through an attorney at law." The court included a 15% attorney's fee in the judgment for the plaintiff, pointing out that a similar provision had been sustained in Gramatan Nat. Bank, etc., of Bronxville v. Backman, supra. Finally in Cohen v. Fair Lawn Dairies, Inc., supra, the Appellate Division upheld a provision in a contract for a reasonable counsel fee in the event legal action became necessary. In the course of its opinion, the court stressed that enforcement of a contractual provision for the payment of necessary expenses incurred in legal action, including a reasonable attorney's fee, constitutes an adjudication of an element of damages for the breach and not an allowance of counsel fees within the contemplation of R.R. 4:55-7. 86 N.J. Super., at p. 215.
We are satisfied that R.R. 4:55-7 was not intended to and does not preclude the enforcement of a contractual provision in a promissory note for the payment of a reasonable attorney's fee for services actually rendered in collection, and that Markakos has properly been confined to its actual holding that a judgment in a foreclosure proceeding may not include any provision for legal fees beyond those specified in the rule. We reject the defendant's contention that such a provision may not be enforced, absent express authorization by rule or statute. Without any governing rule or statute, the provision is enforceable under common law principles as a deliberate bargain between private parties unless there is some larger public policy which is found by the court to render it nugatory. We find no such policy in our State. Cf. N.J.S.A. 17:13-27(e); see also N.J.S.A. 17:16C-42(b); N.J.S.A. 17:16C-71(b); N.J.S. 12A:3-106(1) (e); N.J.S. 12A:7-601(1); N.J.S.A. 12A:9-504(1) (a); N.J.S. 12A:9-506. The provision operates not as a penalty but as indemnity to enable the lender to receive his repayment in full, there is no usurious connotation, for *449 the attorney's fee does not constitute interest for the use of money but a charge for actual expenses incurred by the lender in the course of his collection; there would seem to be no improper encouragement of litigation and, on the contrary, there may well be encouragement to avoid litigation; and finally there is no showing of oppression of an unwary debtor but if, in any particular instance, that should appear the court's equitable powers may readily be invoked to prevent injustice.
The defendant did not raise any question in his brief as to the reasonableness of the 20% fee fixed in the note signed by him.[1] At oral argument we suggested that under a literal reading, the plaintiff, in the event of default, might unreasonably call for the 20% even though no legal expenses incident to suit had ever been incurred. The plaintiff's attorney stressed that such had never been its practice and that here suit was actually instituted and an answer was filed, a demand for admissions was made, and there was a motion to strike the answer which was duly argued before the trial court. He stressed further that in view of their attorney-client arrangements there was no possibility that any profit as distinguished from indemnification could ever accrue to the plaintiff from the provision in the note. While the fact that the parties agreed to it in the note may perhaps be taken as prima facie evidence that the 20% figure was here a reasonable one, the defendant was at liberty to show and urge that the particular facts and circumstances demonstrated otherwise; he advanced no such contention before us and the *450 matters in the record adequately support the reasonableness of the attorney's fee in the sum of $126. See General Lumber Corp. v. Landa, 13 A.D.2d 804, 216 N.Y.S.2d 33 (1961); cf. Florence Oil & Refining Co. v. Hiawatha Oil, Gas & R. Co., supra, 135 P., at pp. 456-457; Conway v. American Nat. Bank, 146 Va. 357, 131 S.E. 803, 805 (1926); Taylor v. Continental Supply Co., 16 F.2d 578, 580 (8 Cir. 1926); cf. also Franklin Nat. Bank v. Wall Street Commercial Corp., 40 Misc.2d 1003, 244 N.Y.S.2d 491 (1963), aff'd mem. 21 A.D.2d 878, 251 N.Y.S.2d 892 (1964).
Reversed.
For reversal  Chief Justice WEINTRAUB, and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and HANEMAN  7.
For affirmance  None.
NOTES
[1] The New Jersey statute (N.J.S.A. 17:13-26 et seq.) deals with credit unions established under state law and not with federal credit unions (such as the plaintiff) established under 12 U.S.C.A. § 1751 et seq. The defendant has not questioned the sufficiency of the general grant of powers to federal credit unions under 12 U.S.C.A. § 1757 (cf. Brooklyn Jenapo Federal Credit Union v. Schucher, 41 Misc.2d 368, 245 N.Y.S.2d 637 (Sup. Ct. 1963)), nor has he sought to place any reliance on N.J.S.A. 17:13-27 (e); since neither party has cited or discussed N.J.S.A. 17:13-27(e) we shall not deal with any bearing it may have on the issue of reasonableness here.